Leibensperger, Edward P., J.
Metropolitan Properly and Casualty Insurance Company (“Insurer”) moves for a summary judgment declaring that there is no coverage available to defendants (“Homeowners") under a Homeowners Insurance Policy with respect to water damage at Homeowners’ home on March 14, 2010. As described more fully below, there are genuine issues as to material facts with respect to the claimed water damage that prevent the entry of summary judgment as to coverage under the policy.[1] See, Mass.RCiv.P. 56(c). Consequently, the motion is DENIED.
The policy at issue provided, through a special endorsement, coverage for “water or water-borne material: A. which backs up through sewers or drains; or B. which enters and overflows or is discharged from within a sump pump, sump pump well, or other type of system designed to remove subsurface water which is drained from the foundation area.” Homeowners submitted notice and a claim to the Insurer on March 15, 2010 concerning an overflow of water and sewage that occurred on March 14, 2010 in their basement coming up through their sump pump, toilet and shower.
On March 16, 2010, Homeowners advised the Insurer that the brook behind their house had also overflowed. The Insurer then took the position that flood and surface water damage is not covered by the policy and because the flood and surface water contributed to the basement damage suffered by the Homeowners, there was no coverage. The Insurer pointed to alleged anti-concurrent causation language in the policy to justify the denial of coverage.
Homeowners point to Statement of Material Facts, paragraph 4. There, they deny that the overflow from the brook contributed to the water damage in the basement that resulted from the back up through the sump pump. Instead, they state that the coverage they are seeking in this lawsuit is for loss they incurred prior to the brook overflowing. In short, Homeowners assert that there were two events on March 14, 2010: (1) a back-up of a sewer and overflow of a sump pump, and (2) a flood from the brook overflowing. Homeowners say that they are seeking coverage for the loss from event #1, and not for event #2.
The Insurer points to Surabian Realty Co., Inc. v. NGM Insurance Company, 28 Mass. L. Rptr. 48 (Superior Court, Agnes, J.) (2011), as being directly on point in favor of the Insurer’s position of no coverage. There are two critical reasons why Surabian is distinguishable. First, in Surabian, the court was faced with a claim for a single loss, not two separate losses as asserted here. The court noted “Surabian concedes that ‘the drain would not have backed up were it not for the appearance of surface water.’ ” Id. Second, the policy language in the present case is different than what was in the Surabian policy. In the Homeowners’ policy the exclusion language begins with “We do not insure under any Section I coverage for any loss which would not have happened in the absence of one or more of the following excluded events.” (Emphasis added.) As described above, it is the Homeowners’ position that the loss from the drain and sump pump back up would have occurred even if there had not been an overflow from the brook.
Accordingly, there are genuine issues of fact regarding the occurrence of the Homeowners’ loss. If the *264 Homeowners prove a loss from the drain and sump pump back-up that would have happened even if there was no overflow from the brook, there is coverage under the policy. The Insurer’s motion for summary judgment is DENIED.

The Insurer’s motion seeks summary judgment only with respect to the coverage question. In the Insurer’s memorandum, it also argues for summaiy judgment on Homeowners’ counterclaims for misrepresentation in the sale of the policy at issue and violation by the Insurer of G.L.c. 93A. Because the Insurer did not include dismissal of the counterclaims in its motion, and because the record is incomplete on the issues raised by the counterclaims, the court declines to consider summaiy judgment on the counterclaims.